# Exhibit 1

# FERRAIUOLI LLC

February 22, 2016

**Via ECF**

The Honorable Rodney Gilstrap
U.S. District Court for the Eastern District of Texas
100 East Houston Street, Room 125
Marshall, TX 75670

    Re:    *Morpho Komodo, LLC v. Blu Products, Inc.*, Civil Action No. 2:15-CV-01100

Dear Judge Gilstrap:

    Plaintiff Morpho Komodo, LLC ("Plaintiff") respectfully files this letter in opposition to defendants Dell Inc.'s, InfoSonics Corporation's, Blu Products, Inc.'s, and PCS Wireless, LLC's ("Defendants") letter brief filed February 8, 2016 requesting permission to file a partial summary judgment motion of non-infringement of U.S. Patent Nos. 7,350,078 (the "'078 Patent"), 7,725,725 (the "'725 Patent"), and 8,429,415 (the "'415 Patent") based on pre-suit sales and other activities. Discovery in this case is ongoing and expert discovery will not end until July 25, 2016. *See* Dkt. No. 95-1. No depositions have taken place and documents have only recently been produced. Summary judgment so early in a case creates a significant risk that a dishonest litigant will improperly exploit the summary judgment process for the purpose of concealing facts that the non-movant would otherwise have uncovered during discovery.

    Plaintiff must be afforded a reasonable opportunity to conduct discovery before being required to respond to a motion for summary judgment. As such, Plaintiff opposes Defendants' request to file a partial summary judgment motion as premature. *See Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 n.5 (1986) ("[Federal Rule of Civil Procedure ("FRCP") 56(f) provides that] summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."); *see also Metro. Life Ins. Co. v. Bancorp Servs., L.L.C.*, 527 F.3d 1330, 1336 (Fed. Cir. 2008) ("Under the Federal Rules of Civil Procedure, the parties must be afforded adequate time for general discovery before being required to respond to a motion for summary judgment."); *see also Baron Servs., Inc. v. Media Weather Innovations LLC*, 717 F.3d 907 (Fed. Cir. 2013) (Concluding that District court abused its discretion in granting competitor's motion for summary judgment of non-infringement without allowing patentee additional discovery in action for infringement of patent and because patentee was denied opportunity to examine competitor's source code and depose competitor's summary-judgment affiants.); *see also Wall Cardiovascular Technologies, LLC v. Abbott Laboratories, et al.*, 2:08-

Letter Brief in Opposition by Morpho Komodo, LLC.
**Morpho Komodo, LLC v. Blu Products, Inc.,** *et al.***, Civ. No: 2:15-cv-01100**
Page 2 of 4

cv-289-TJW (E.D. Tex., 2009) (Denying motion for summary judgment of non-infringement of patent as premature because discovery was at early stages and plaintiff had not conducted depositions).

Lastly, as detailed below, the request should also be denied because there are genuine issues of material facts that need to be placed before a Jury.

### 1. Defendants Directly Infringe the Asserted Method Claims

Defendants contend, in their first argued point, that there is no evidence that they have directly infringed the method claims of the '078 and '725 Patents under 35 U.S.C. § 271(a) by sales of the accused products since "a method claim is not directly infringed by the sale of an apparatus even though it is capable of performing only the patented method." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774-75 (Fed. Cir. 1993).

It should be noted that the Federal Circuit has never definitively answered the question of whether "'any patented invention' includes a 'process,' such that a party who sells or offers to sell a patented process infringes the patent." *Ricoh Co, Ltd. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008) ("As the court did in *NTP*, we conclude that we need not definitively answer this question ….").[1] Further still, the law does not grant Defendants immunity from the sale of *products*, as Defendants' motion erroneously suggests. For instance, *Ricoh* very specifically addressed "a party that sells or offers to sell *software* containing instructions to perform a patented method" and not the sale of a product. *Ricoh*, 550 F.3d at 1335 (emphasis added). In fact, the Supreme Court's parenthetical statement, which gave support to *Ricoh's* holding, expressly notes that "software is not a component of a patented device within the meaning of § 271(f) *until it is reduced to a machine-readable copy*." *Id.* (citing *Microsoft Corp v. AT&T Corp.*, 550 U.S. 437, 446-51 (2007)) (emphasis added). Therefore, ignoring Defendants' mischaracterization of the law, and instead applying the Federal Circuit's jurisprudence, this Court should conclude that granting, or offering to grant, permission to use a fully operational computer implemented method embodying a claimed method constitutes infringement of a method claim.

Furthermore, *Joy Tech*, which Defendants cite to support their letter brief, is distinguishable from the case at bar. First, Joy Tech failed to consider the sale and licensing of software and equipment used to execute such software. Second, it was undisputed that there would

---

[1] In *Ricoh* the Federal Circuit noted that "a process 'consists of doing something, and therefore has to be carried out or performed.' *In re Kollar*, 286 F.3d 1326, 1332 (Fed.Cir.2002). In contrast, software is not itself a sequence of actions, but rather it is a set of instructions that directs hardware to perform a sequence of actions." *Ricoh*, 550 F.3d 1335. Thus, it concluded that "because the allegedly infringing sale in this case was the sale of software (i.e., instructions to perform a process rather than the performance of the process itself), we need not determine whether a process may ever be sold so as to give rise to liability under § 271(a). Accordingly, we hold that a party that sells or offers to sell software containing instructions to perform a patented method does not infringe the patent under § 271(a)." *Id.*

Case 2:15-cv-01100-JRG-RSP   Document 119-1   Filed 02/22/16   Page 4 of 5 PageID #: 713

Letter Brief in Opposition by Morpho Komodo, LLC.
**Morpho Komodo, LLC v. Blu Products, Inc.,** *et al.*, **Civ. No: 2:15-cv-01100**
Page 3 of 4

be no use of the method within the patent term. The Federal Circuit specifically described as a "critical question" whether the sale of the system could be considered infringing "when there will be no direct infringement, *i.e.*, use of the machine/system, within the patent term." *Joy Tech.*, at 772. Thus, the unequivocal statement about the sale of equipment, far broader than necessary to actually decide the dispute in *Joy Tech*, is merely *dictum*.

Here, Plaintiff accuses Defendants of directly infringing by the combined making, using, importing, offering to sell, and/or selling devices which perform a computer implemented method. It is undisputed that any computer-implemented method requires use of software. Therefore, a reasonable jury can find that Defendants convey, or offer to convey, a license to use software in connection with its sale, or offer to sale, of a computer-implemented method. This is sufficient to create an issue of material fact that prevents entry of summary judgment as to the sale, or offer thereof, of the infringed upon method.

In any event, as Defendants appear to concede, it is very likely that Defendants directly infringe the '078 and '725 Patents under 35 U.S.C. § 271(a) by practicing these methods during testing of the accused products or while providing customer service to its clients in relation to the accused products. As such, summary judgment as to non-infringement by sale of the accused methods is not likely to facilitate a quick resolution of this case.

## 2. Discovery May Show that Defendants Indirectly Infringed The Patents-In-Suit prior to The Date of The Complaint

Defendants contend, in their second argued point, that there is no evidence that they have indirectly infringed any claims of the Patents-in-Suit prior to the filing of the complaint on June 19, 2015 since they did not have knowledge of the Patents-in-Suit prior to that date. As mentioned in this letter's introduction, Defendants' contention is premature since discovery is ongoing and Plaintiff has not had the opportunity to conduct depositions. *See Baron Servs., Inc. v. Media Weather Innovations LLC*, *supra*; *see also Wall Cardiovascular Technologies, LLC v. Abbott Laboratories*, et al., *supra*.

It is possible that discovery may show that Defendants had knowledge of the Patents-in-Suit prior to the filing of the complaint. For example, Defendants may have had contact with one of the defendants from the previous actions in which the Patents-In-Suit were at issue and learned of the Patents-in-Suit. A deposition of one of Defendants' officials may reveal that this was the case. Plaintiff cannot rely on the representations made by Defendants on its letter brief, and neither should this Court. For this reason, Plaintiff respectfully submits, that additional discovery and evidence will establish when Defendants learned of the Patents-In-Suit and the alleged infringement so as to create the necessary mental state required for inducing or contributing to infringement as explained by precedent case law. Thus, it is clear that that there are genuine questions of material fact that preclude summary judgment.

Case 2:15-cv-01100-JRG-RSP Document 119-1 Filed 02/22/16 Page 5 of 5 PageID #: 714

Letter Brief in Opposition by Morpho Komodo, LLC.
**Morpho Komodo, LLC v. Blu Products, Inc.,** *et al.***, Civ. No: 2:15-cv-01100**
Page 4 of 4

As previously mentioned, Plaintiff must be afforded adequate time for general discovery before being required to respond to a motion for summary judgment. *See* FRCP 56(f). Otherwise, Plaintiff would be foreclosed from discovering facts relevant to this issue. As such, Defendants request for a motion for partial summary judgment on this issue is premature and should be denied.

### 3. Discovery May Show that Defendants had actual notice of the Patents-In-Suit

Defendants contend, in their third argued point, that Plaintiff cannot recover damages for the infringement of the apparatus claims of the '415 Patent from June 2013 to June 2015 because no constructive notice was given under 35 U.S.C. § 287 by marking products licensed to the Patents-in-Suit and sold in the United States. As discussed in the previous section, Defendants argument is premature. Discovery is ongoing and Plaintiff has not had the opportunity to conduct depositions. *See Baron Servs., Inc. v. Media Weather Innovations LLC*, *supra*; *see also Wall Cardiovascular Technologies, LLC v. Abbott Laboratories*, et al., *supra*.

It is possible that discovery may show that Defendants had actual notice of the infringement by having contact with one of the defendants from previous action in which the Patents-In-Suit have been litigated. Furthermore, discovery may show that Defendants, as significant players in the market of the accused products, would have been aware of the infringement prior to the filing of the complaint. Plaintiff must be given the opportunity to complete discovery to establish the exact date in which Defendants' gained actual notice of the infringement. Thus, it is clear that that there are genuine questions of material fact that, at this juncture, would make a motion for summary judgment premature. As such, Defendants request for a motion for partial summary judgment on this issue is premature and should be denied.

### 4. Conclusion

For the reasons stated above, Defendants' proposed motion is without possible merit and cannot succeed at this time. As such, it would represent an unnecessary drain on the resources of both the Court and the parties. Therefore, Plaintiff respectfully requests that this Court deny Defendants' request to file a motion for summary judgment based on the stated grounds.

                                                          Respectfully submitted,
                                                          */s/ Eugenio Torres-Oyola*
                                                          Eugenio Torres-Oyola